```
FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP 15 2003   KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                  DEPUTY
BY _____
```

03-CV-02819-MISC

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

MARGUERITE ABDULLAH,

            Plaintiff,

      v.

CITY OF SEATTLE, a Washington municipal corporation; THE SEATTLE POLICE DEPARTMENT, a department of the City of Seattle; B.M. HUNT and J. WILLIAMS, in their individual capacity,

            Defendants.

No. **C03-2819**

King County Superior Court
Cause No.: 03-2-27483-6SEA

**VERIFICATION OF STATE COURT RECORDS**

## VERIFICATION

The undersigned hereby declare the following:

1. The undersigned are attorneys of record for defendant City of Seattle.

2. Pursuant to CR 101(b), attached are true and correct copies of all records and proceedings in the Superior Court of King County, Washington in the above-entitled action, Cause No. 03-2-27483-6SEA:

VERIFICATION OF STATE COURT
RECORDS - 1

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
Fax (206) 624-6885

| Exhibit | Document |
|---------|----------|
| A | Civil Cover Sheet, Case Assignment Designation<br>Summons and Complaint for Damages<br>6/5/03 |
| B | Order Setting Civil Case Schedule |
| C | Declaration of Service of Summons and Complaint for Damages<br>City of Seattle<br>8/29/03 |
| D | Declaration of Service of Summons and Complaint for Damages<br>Seattle Police Department<br>8/29/03 |
| E | Notice of Appearance<br>City of Seattle<br>9/05/03 |
| F | Notice of Appearance<br>Seattle Police Department<br>9/12/03 |

DATED this ___ day of September, 2003 at Seattle, Washington.

STAFFORD FREY COOPER
*Professional Corporation*

By _____
Stephen P. Larson, WSBA #4959
Blake E. Dias, WSBA #28169
Attorneys for Defendants

VERIFICATION OF STATE COURT
RECORDS - 2

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
Fax (206) 624-6885

RECEIVED

03 AUG 29 AM 11: 21

CITY OF SEATTLE
MAYOR'S OFFICE

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MARGUERITE ABDULLAH,                )       No. 03-2-27483-6 SEA
                                    )
            Plaintiff,              )
                                    )
        v.                          )       SUMMONS
                                    )
CITY OF SEATTLE, a Washington municipal )
corporation; THE SEATTLE POLICE     )
DEPARTMENT, a department of the City of )
Seattle, and B.M. HUNT and J. WILLIAMS, in )
their individual capacity,          )
                                    )
            Defendants.             )
_____    )

**TO CITY OF SEATTLE:** A lawsuit has been started against you in the above entitled court by MARGUERITE ABDULLAH, Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing and serve a copy upon the undersigned attorney for plaintiff within **twenty (20) days** after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where a plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service of this summons and complaint will be void.

SUMMONS - 1



ORIGINAL

EXHIBIT
A
tabbies

HARDMAN & JOHNSON
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

1    If you wish to seek the advice of an attorney in this matter, you should do so promptly so
2    that your written response, if any, may be served on time.

3    This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State
of Washington.

4

    DATED THIS 29th day of August, 2003.

5

                                                    HARDMAN & JOHNSON

6

7

8                                                   Michael L. Johnson, WSBA #28172
                                                    Counsel for Plaintiffs
9                                                   119 First Ave. So. - Suite 200
                                                    Seattle, WA 98104
10                                                  (206) 447-1560
                                                    (206) 447-1523 (fax)

11

12

13

14

15

16

17

18

19

20

21

22

23

SUMMONS - 2

HARDMAN & JOHNSON
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

RECEIVED
King Court Clerk's Office

JUN 0 4 2003

Cashier Section
Superior Court Clerk

RECEIVED

2003 JUN -4  PM 2: 13

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## 03 - 2 - 27483 - 6 SEA

| | | |
|---|---|---|
| MARGUERITE ABDULLAH, | ) | No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| v. | ) | **DAMAGES** |
| | ) | |
| CITY OF SEATTLE, a Washington municipal | ) | **(With Jury Demand** |
| corporation; THE SEATTLE POLICE | ) | **Upon Removal)** |
| DEPARTMENT, a department of the City of | ) | |
| Seattle; and B.M. HUNT and J. WILLIAMS, | ) | |
| in their individual capacity, | ) | |
| Defendants. | ) | |

03 AUG 29 AM 11:21
CITY OF SEATTLE
MAYOR'S OFFICE
RECEIVED

COMES NOW the Plaintiff, Marguerite Abdullah, by and through counsel, Hardman,

Johnson & Van Winkle, by Michael L. Johnson, who complains and alleges as follows:

INTRODUCTION.

The Plaintiff, Marguerite Abdullah, hereby asserts the following claims against the

Defendants in the above-entitled action:

(1) violation of 42 U.S.C. sec. 1983: unlawful stop and false arrest;

(2) violation of 42 U.S.C. 1983: unlawful detention and confinement;

(3) violation of 42 U.S.C. sec. 1983: use of excessive force;

(4) state claims of false arrest and imprisonment, assault, battery, and intentional

infliction of emotional distress (outrage), negligent infliction of emotional distress.

COMPLAINT - 1



HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

## I. JURISDICTION.

1.1    If removed to federal court, jurisdiction is conferred by existence of a federal question under 42 U.S.C. secs. 1983, 1988, for violations of the Fourth and Fourteenth Amendments to the United States Constitution.

1.2    Plaintiff's state law claims are authorized by F.R.Civ.P. 18(a), arises as set forth in F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction.

1.3    To the extent this Complaint is removed to federal district court, the Plaintiff hereby demands a trial by jury, and reserves the right to file a proper jury demand in state court.

1.4    A claim for damages was properly filed for the purpose of state law claims. More than 60 days has elapsed since the filing of the claim with the City of Seattle and the filing of this Complaint.

## II. PARTIES.

2.1    The Plaintiff, Marguerite Abdullah, is a natural person who is and was a resident of the City of Seattle, King County, Washington at all times relevant to the matters alleged in this Complaint. She is gainfully employed by the Seattle School District.

2.2    Defendant City of Seattle is a municipal corporation organized by charter under the Constitution and laws of the State of Washington. The City is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. The City was also the public employer of Defendants Hunt and Williams at all times relevant to the matters alleged in this Complaint.

2.3    Defendant City of Seattle Police Department is a department of the municipal government of the City of Seattle organized by charter and the laws of the State of Washington.

COMPLAINT - 2

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

2.4     Defendant Hunt is a natural person who was a resident of the State of Washington and a duly appointed police officer in the City of Seattle Police Department for all times relevant to the matters alleged in this Complaint.

2.5     Defendant Williams is a natural person who was a resident of the State of Washington and a duly appointed police officer in the City of Seattle Police Department for all times relevant to the matters alleged in this Complaint.

2.6     The Defendant City is responsible for the promulgation and implementation of police policies, procedures, and practices in the City of Seattle. It is also responsible for training of police officers, including Hunt, Williams, and the unknown defendants.

2.7     Defendant John Doe and others not presently known to the plaintiff were, at all times relevant to the matters alleged in this Complaint, duly appointed police officers of unknown rank in the City of Seattle Police Department, and according to information and belief, include supervisors of Defendants Hunt and Williams.

2.8     Plaintiff sues all public employees for damages in their individual capacity.

2.9     At all times relevant to the matters raised in this Complaint, Defendants Hunt, Williams, John Doe, and other public employees unknown, acted toward the Plaintiff under color of law, including the statutes, ordinances, customs, and usages of the State of Washington and the City of Seattle, including the City of Seattle Police Department.

2.10    Reference to Defendants Hunt and Williams below is intended to include all Defendants.

COMPLAINT - 3

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

# III. STATEMENT OF FACTS.

3.1    Plaintiff hereby realleges the content of the foregoing Sections and by this reference incorporates them herein.

3.2    On April 7, 2001, at approximately 1:00 AM, after attending a social gathering Marguerite Abdullah ("Marguerite") was travelling northbound on 20th Avenue near Fir Street in Seattle, Washington in her Mazda automobile.  She made a u-turn in order to telephone her mother as she had promised.  The area near 20th and Fir is extremely dark at night, so she proceeded southbound to a place where it was felt safer to make the call.  She obeyed all traffic rules, and proceeded past a police car blocking the street before turning west on Yesler Street.  The police officer assigned to the car was either Defendant Hunt or Defendant Williams.  She legally parked midway between 19th and 20th Avenues.  Her son, James Bailey, was a passenger in her car.

3.3    Marguerite retrieved her cell phone from the trunk, and began walking back to the driver's seat of her car.  Before sitting down, a second police car with flashing lights approached from behind her car and stopped.  A second police officer, either Hunt or Williams, approached and asked if there was a problem, and Marguerite answered, "No" in a pleasant voice.  He asked for proof of license, proof of ownership of the car, her name, and where Marguerite's destination.  Marguerite was cooperative and answered all questions.

3.4    Marguerite did not have the license in the passenger compartment of the car, and offered to obtain her identification from the trunk of the car.  The second officer did not object.  As Marguerite approached the trunk, the first officer vigorously approached her, yelling, "You're obstructing justice, I can arrest you."  The second officer appeared startled.  The first officer

COMPLAINT - 4

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

continued to approach Marguerite, yelling, "You're obstructing justice!" She replied calmly, "What did I do, what are you talking about?" She also explained she was cooperating with the second officer and retrieving her identification from the trunk.

    3.5    The first officer with an open hand, thumb pointing north and remainder of four fingers pointing south made initial physical contact with Marguerite's right upper arm and mid-triceps. Marguerite asked, "Why are you doing this?" The first officer repeated, "You're obstructing justice, I can arrest you." His hand made repeated contact. Marguerite asked the first officer, "Why are you hitting me, take your hand off of me in that, what did I do to obstruct justice?" The first officer responded by stepping to her right, grabbing her right arm, pulling her away from the side of her car, and pushing and shoving her buttocks towards the curb on Yesler Street.

    3.6    At the time, Marguerite was diagnosed with asthma. The physical contact described above triggered an asthma attack. It was difficult for her to breathe, she gasped for breath, her chest tightened rapidly, she wheezed, and she increasingly coughed. She was exhausted and could not readily communicate further. She feared for her life because she knew she was having a severe asthma attack.

    3.7    James, her son, became upset, and communicated to the officers that they were engaging in inappropriate behavior. He attempted to open the passenger door, but an officer put his shoe on the door to keep James from exiting the car. Marguerite's asthma attack worsened, and she told James, "Stop it, James. Let them take me to jail, they're not going to let me go."

    3.8    The first officer then said, "You're under arrest." All verbal accusations stopped. One of the officers had handcuffed Marguerite very tightly, and her watch was stripped off and

COMPLAINT - 5

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

lost. By this time, there were several police officers standing around. None interceded. An officer grabbed Marguerite by her upper left triceps, squeezed very tightly, and walked Marguerite to the police car behind her Mazda.

    3.9    Marguerite repeatedly requested, "I am an asthma patient, I need my asthma medications." Her inhaler was inside the car next to the driver seat. The remainder of her asthma medication (alburta increased dosages, advair fluticasone propionate 100mcg/saleterol 50 mcg inhalation powder and eye allergy relief) was in her purse along with my driver's license and wallet, which was in the trunk of her car.

    3.10    Marguerite was thrown by an officer into the back seat of the police car with her car keys and coin purse, and then the officer left, approaching the Mazda. She continued to have a severe allergy reaction. The officer did not retrieve the asthma medication from her car. Instead, the officer assisted another in searching her car. One of the officers first searched the inside of the car from front to back, and then proceeded to search the trunk, throwing Marguerite's belongings around. Marguerite observed the officer search her purse and asked, "What are you looking for, Oh, Oh, what are you doing?" Marguerite also observed the officer take some items from her purse. No asthma medication was retrieved and given to Marguerite.

    3.11    An officer came to the police car, opened the door, sat down, and stated that Marguerite was arrested for obstructing justice and driving under the influence. She was read her Miranda rights. Marguerite asked, "What did I do, first you tell me I'm obstructing justice, and you add another charge." Marguerite sat in the back of the vehicle gasping for air and coughing. She remained handcuffed.

COMPLAINT · 6

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

3.12     The officer proceeded westbound on Yesler to the East Precinct at 12th Avenue and Pine Street. Marguerite was taken inside, stood in front of a table, and a female officer approached. She told Marguerite, "Stop moving." Marguerite responded, "I am an asthma patient, I have asthma, I'm very uncomfortable, did they get my medication, they took my wallet." She continued to experience a severe asthma attack.

3.13     The female officer probed Marguerite's mouth for foreign objects even while Marguerite continued to cough and gasp for air. The female officer released the handcuffs and commented, "She's strong". The female office then searched Marguerite.

3.14     Marguerite asked for some water, and was led to a restroom by an officer. She drank some water and used the restroom. She was faint, started bending forward, fell to the floor wheezing and gasping for air. Officers in the East Precinct commented, "she doesn't have asthma, she's just hyperventilating, my child has asthma, they never act like that, she's faking", as they conversed among themselves and laughed.

3.15     When medics eventually arrived, Marguerite was on her hands and knees on the floor and her asthma attack continued. The medics told her, "Get up off the floor and sit on this chair if you want us to help you." She tried, but she was physically weakened. The medics then took Marguerite's blood pressure while she was on the floor, said she was okay, and left.

3.16     Marguerite was instructed to go into a cell by a male officer, and did so, again falling to the floor, continuing to wheeze, gasp, and cough. An officer entered and said, "Sign this paper giving us permission to take a DUI test, if you don't you could be found guilty." Marguerite began to read, and the officer repeated loudly in an intimidating voice, "If you don't sign you can be found guilty for refusing to take the test." The officer left the cell and returned

COMPLAINT - 7

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

shortly and stated angrily, "I'm going to give you one more chance to sign." Marguerite responded, "I want to make a phone call to my family; I want to call a lawyer." The officer picked up the form briskly from the floor, left the cell, returned to the cell and told me, "I have someone on the phone for you, the phone is this way."

3.17    Marguerite followed the officer to a telephone. The officer picked up the receiver and said, "I called you a lawyer." Marguerite responded, "I said I would like to call a lawyer." The officer ordered, "Sit down in that chair." She informed the officer, "I'm uncomfortable in a sitting position," and asked if she could return to the cell. The wheezing, gasping and coughing continued. The officer warned her, "Sit down, don't leave the room." Marguerite replied, "There is nowhere can I go. I don't want to be killed in here." She sat in the chair and waited until the officer allowed her to return to the cell. The time was approximately 2:30 AM. She was without asthma medication or treatment for about one and a half hours.

3.18    Before entering the cell Marguerite asked if she could go to the bathroom, and the officer responded, "I'll send a female officer out." She was placed in the cell with the door closed and again fell to the floor wheezing, coughing, and gasping. She knocked on the door, an officer responded, and again asked to go to the bathroom. Without response, the door closed.

3.19    An officer opened the door and stated Marguerite would be transported to King County Jail. She again asked to use the bathroom before leaving. The officer said, "I have to get your paperwork." The officer left. The paperwork was not in the holder outside the door. The door opened, the officer retuned and said, "They told me you have used the restroom, let's go." Marguerite was again handcuffed, and followed the officer to his vehicle, continuing to wheeze, gasp, and cough, and with a continuing need to go to the bathroom.

COMPLAINT - 8

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

3.20    Marguerite was transported in the back seat of the officer's vehicle, the officer ordering her to, "Be still." They arrived at the King County Jail, where she was booked. Her asthma attack continued. She was instructed to stand in a designated area by a female officer who asked, "Do you have pneumonia?" Marguerite responded, "I am an asthma patient."

3.21    The female officers paused, and then asked, "Do you have your asthma medication?" She asked the transporting officer if medications were checked in, and the officer responded, "No medication." The transporting officer began to state the items he checked in. Marguerite informed the female officer, "They would not get my asthma medication." The female officer took Marguerite to a registered nurse, and provided her with water. A nurse arrived. The female officer stated, "She is having an asthma attack." The nurse checked Marguerite's blood pressure, heart rate and lungs. The nurse started to give Marguerite an inhaler, but changed her mind.

3.22    Marguerite was walked back to the booking area, continuing to wheeze, gasp, and cough. The female officer and the nurse decided to not start the booking process. They said, "Rush her to Harborview Hospital immediately." The officer who drove me to King Count Jail handcuffed Marguerite again and drove her to Harborview Hospital, where she arrived at approximately 6:35AM. Marguerite was without medication for her asthma for about 5 and a half hours.

3.23    Marguerite was diagnosed with asthma exacerbation and treated. She was given an inhaler. She was discharged into police custody at approximately 8:10 AM, handcuffed again, and transported back to the King County Jail. She obtained bail at approximately 9:00 AM, and was released.

COMPLAINT - 9

# IV. CLAIMS.

Plaintiff hereby realleges the contents of the prior Sections and by this reference incorporates them herein as to all Counts below, with additional facts also set forth for each individual Count.

## COUNT 1 - VIOLATION OF 42 U.S.C. § 1983:

## UNLAWFUL STOP AND ARREST

4.1     The above-referenced facts give rise to a violation of 42 U.S.C. § 1983.

4.2     At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §§ 1983 and 1988.

## IDENTIFICATION OF RIGHT VIOLATED

4.3     Acting under the color of law, Defendants worked a denial of Marguerite Abdullah's rights, privileges or immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, violating 42 U.S.C. § 1983 as follows: (1) by depriving Marguerite Abdullah of her liberty without due process of law, by unlawfully stopping and investigating, by falsely arresting her and taking her into custody and holding her there against her will, and by making an unreasonable search and seizure of her car without due process of law. The stop and subsequent arrest, detention, and search of Marguerite Abdullah and her property without reasonable suspicion, without probable cause, and without due process of law. The constitutional violations and liability of the Defendants arises from the foregoing facts and reasons, the following facts and reasons, and from unstated facts and reasons:

4.4     There was no warrant for the arrest of Marguerite Abdullah on April 7, 2001.

4.5     There was no reasonable suspicion for the Defendants to make a traffic stop.

COMPLAINT - 10

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

4.6  The arrest was without reasonable grounds and was without probable cause to believe that Marguerite Abdullah had committed an offense.

4.7  At no time prior to the stop, arrest, and imprisonment of Marguerite Abdullah, has she ever been accused of a criminal offense. She has only had minor traffic infractions.

4.8  Marguerite Abdullah was lawfully parked on a public street at the time she was approached by Defendants Hunt and/or Williams. Marguerite Abdullah informed the officers that it was lawful to park her car where it was parked. According to information and belief, Defendants Hunt and Williams did not examine the parking signs in the area despite having this information. Any reasonable suspicion or probable cause to issue a citation was dispelled, but a citation was nevertheless issued.

4.9  Marguerite Abdullah informed Defendants Hunt and Williams of the purpose of the stop, dispelling any reasonable suspicion or probable cause to stop her and/or arrest her for obstructing an officer. Marguerite Abdullah never physically interfered with Defendants' Hunt and Williams investigation of any independent criminal offense by other persons. Watching the police is not a criminal offense absent direct physical interference.

4.10  Marguerite Abdullah informed Defendants Hunt and Williams she had witnesses that could attest to the fact she was not drinking, dispelling any reasonable suspicion or probable cause to stop her and/or arrest her for driving while under the influence. Defendants Hunt and Williams nonetheless failed to make any inquiries of other witnesses.

4.11  Marguerite Abdullah had been at a family gathering and a witness testified at a Department of Licensing hearing that she had not been drinking. An administrative law judge for

COMPLAINT - 11

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

the Washington State Department of Licensing subsequently found there was no probable cause for her arrest for driving under the influence.

4.12    Marguerite Abdullah informed Defendants Hunt and Williams of the location of her identification, dispelling any reasonable suspicion or probable cause to further stop her and/or arrest her for failure to provide identification. Marguerite Abdullah at all times offered to provide identification to Defendants Hunt and Williams. Defendants Hunt and Williams repeatedly refused her permission to retrieve her identification, making compliance with their request impossible.

4.13    At no time prior to her arrest, or after, did Marguerite Abdullah resist arrest or offer violence to any of the Defendants. The first physical contact between Marguerite Abdullah and the Defendants was the time when she was seized by Defendant Hunt or Defendant Williams on the arm.

4.14    On April 7, 2001, citations were issued by Defendants Hunt and Williams for the offense of driving while under the influence, and Marguerite Abdullah was "directly booked", i.e., arrested and detained, solely on that charge. In addition, a citation for blocking traffic was "directly filed," it not being an offense subject to arrest. Marguerite Abdullah was not booked for resisting arrest or obstructing an officer.

4.15    On April 9, 2001, the day of Marguerite Abdullah's first court appearance, City Prosecutor's Office added the charges of resisting arrest and obstructing an officer by Information. The Information listed all four charges.

COMPLAINT - 12

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

4.16     On April 9, 2001, the charges of driving while under the influence, resisting arrest, and obstruction of an officer were all dismissed by the City, with prejudice, at the City's request.

4.17     On April 30, 2001, prosecution of the charge of refusal to give information was continued for 365 days for dismissal on conditions. The charge was dismissed with prejudice on April 29, 2002.

4.18     No plea of guilty was ever entered in the Seattle Municipal Court. That Court made no findings of fact or determination of guilt.

4.19     Defendants Hunt and/or Williams first though to charge Marguerite Abdullah with obstructing an officer. She was instead charged Marguerite Abdullah with a traffic infraction of obstructing or blocking traffic, but nonetheless failed to check the parking signs prior to issuing and filing the infraction. Because the infraction does not support an arrest, they *ex post facto* extrapolated, in their police report, charges of (a) obstructing an officer (though there was no actual physical interference); (b) driving while under the influence (without investigating ripe witnesses); (3) resisting arrest (even though the first physical contact was by Defendants Officer and Hunt); and, (4) the failure to provide identification (even though the production of identification was offered and the Defendants Hunt and Williams with deliberate indifference refused to allow its production). According to information and belief, the charges were added by the City Prosecutor, at the suggestion of Defendants Hunt and/or Williams, to justify the sham stop, arrest, search, imprisonment, and use of excessive force, i.e., the charges were a pretext for the deprivation of the rights, privileges and immunities of Marguerite Abdullah.

COMPLAINT - 13

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

4.20    Marguerite Abdullah was seized, arrested, taken into custody, detained, imprisoned, and subject to excessive force, and suffered the other injuries described below.

## CAUSATION AND LIABILITY: THE OFFICERS

4.21    As a result of the direct participation of Defendants Hunt and Williams and unknown others in the stop and/or arrest of Marguerite Abdullah without reasonable suspicion or probable cause, and under color of law, Defendants Hunt, Williams, and unknown others violated the Fourth and Fourteenth Amendment of the United States Constitution, proximately causing damage to the Plaintiff, and the Defendants are therefore liable for nominal, actual, special, compensatory, and punitive damages under 42 U.S.C. § 1983.

4.22    Defendants Hunt and Williams, and unknown officers who directly supervised or participated, knew or should have known they lacked reasonable suspicion and/or probable cause to stop and/or arrest Marguerite Abdullah.

4.22    The right to be free from traffic stops without reasonable suspicion is clearly established by the Fourth and Fourteenth Amendments of the United States Constitution, and by the long-settled case law of the United States Supreme Court, the Ninth Circuit Court of Appeals, the District Court, and Washington state courts, such that it was unreasonable for Defendants Hunt, Williams, and unknown others to have believed their conduct was lawful based on their knowledge of the material facts, or their deliberate indifference to material exculpatory facts, when compared or applied to the clearly established right.

4.23    The right to be free from arrest without probable cause is clearly established by the Fourth and Fourteenth Amendments of the United States Constitution, and by the long-settled case law of the United States Supreme Court, the Ninth Circuit Court of Appeals, the District

COMPLAINT - 14

Court, and Washington state courts, such that it was unreasonable for Defendants Hunt,

Williams, and unknown others to have believed their conduct was lawful based on their

knowledge of the material facts, or their deliberate indifference of material exculpatory facts,

when compared to applied to the clearly established right.

4.24   The pretextual justification of the stop and/or the arrest, i.e., the ex post facto

extrapolation of additional charges to justify the arrest encouraged by Defendants Hunt and

Williams, described in Paragraph 4.19, above, demonstrates that Defendants Hunt, Williams, and

unknown others knew that there was no reasonable suspicion and/or probable cause to make an

arrest on any of the charges that Marguerite Abdullah committed a criminal offense or traffic

infraction.

4.25   The surrounding facts and circumstances described herein are insufficient to cause

a reasonable person or a reasonable police officer to believe there was reasonable suspicion to

stop Marguerite Abdullah in light of clearly established law.

4.26   The surrounding facts and circumstances described herein are insufficient to cause

a reasonable person or a reasonable police officer to believe that there was probable cause an

offense was being committed in light of clearly established law.

### CAUSATION AND LIABILITY: THE CITY

4.27   At all times relevant to this Complaint, Defendants Hunt and Williams as police

officers of the City of Seattle Police Department were acting under the direction and control of

the Defendant City.

4.28   Acting under color of law and pursuant to official policy or custom, the Defendant

City, with deliberate indifference to the rights of persons with whom the police come into

COMPLAINT - 15

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

contact, failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from unlawfully stopping and arresting citizens, including Marguerite Abdullah, who was acting in accordance with her constitutional and statutory rights, privileges and immunities, and from otherwise depriving citizens, including Marguerite Abdullah, of those constitutional and statutory rights, privileges and immunities.

4.29   The failure to diligently exercise its duties to instruct, supervise, control, and discipline Defendants Hunt, Williams, and unknown others, especially since it is believed that their supervisor was present, constitutes deliberate indifference to the rights, privileges and immunities of Marguerite Abdullah, and others similarly situated.

4.30   The Defendant City's failure to exercise such duties, under color of law, with respect the Defendants Hunt, Williams, and unknown others proximately caused or ratified the Defendants Hunt, Williams, and unknown others to violate the Fourth and Fourteen Amendments of the United States Constitution, proximately causing damage to the Plaintiff, and the Defendant City is therefore liable for nominal, actual, special, and compensatory damages under 42 U.S.C. § 1983.

## DAMAGES

4.31   The damages suffered by the Plaintiff are personal injury, severe mental anguish, loss of personal property, in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

4.32   The Plaintiff is entitled to nominal, actual, and compensatory damages from all Defendants, jointly and severally, arising from the violation of 42 U.S.C. § 1983.

COMPLAINT - 16

4.33    The Plaintiff is entitled to punitive damages from Defendants Hunt, Williams, and unknown other officers, jointly and severally, arising from the violation of 42 U.S.C. § 1983.

## COUNT 2 - VIOLATION OF 42 U.S.C. § 1983: UNLAWFUL DETENTION

5.1    Plaintiff hereby realleges the contents of the prior Count and by this reference incorporates them herein.

5.2    The above-referenced facts give rise to a violation of 42 U.S.C. § 1983.

5.3    At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §§ 1983 and 1988.

### IDENTIFICATION OF RIGHT VIOLATED

5.4    Acting under the color of law, Defendants worked a denial of Marguerite Abdullah's rights, privileges or immunities secured by the Fourteenth Amendments to the United States Constitution, violating 42 U.S.C. § 1983 as follows: by depriving Marguerite Abdullah of her liberty without due process of law, by taking her into custody and holding her there against her will.

5.5    The underlying charges subject to arrest were dismissed with prejudice, and the City was not entitled to detain Marguerite Abdullah on the basis of a traffic infraction.

### CAUSATION AND LIABILITY - THE OFFICERS

5.6    As a result of the direct participation of Defendants Hunt and Williams and unknown others in the unlawful detention of Marguerite Abdullah, and under color of law, Defendants Hunt, Williams, and unknown others violated the Fourth and Fourteenth Amendment of the United States Constitution, proximately causing damage to the Plaintiff, and the

COMPLAINT - 17

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

Defendants are therefore liable for nominal, actual, special, compensatory, and punitive damages under 42 U.S.C. § 1983.

5.7     Defendants Hunt and Williams, and unknown officers who directly supervised or participated, knew or should have known they were unlawfully detaining the Plaintiff.

5.8     The right to be free from unlawful detention is clearly established by the Fourth and Fourteenth Amendments of the United States Constitution, and by the long-settled case law of the United States Supreme Court, the Ninth Circuit Court of Appeals, the District Court, and Washington state courts, such that it was unreasonable for Defendants Hunt, Williams, and unknown others to have believed their conduct was lawful based on their knowledge of the material facts, or their deliberate indifference to material exculpatory facts, when compared or applied to the clearly established right.

5.9     The pretextual justification of the stop and/or the arrest, i.e., the ex post facto extrapolation of additional charges to justify the arrest encouraged by Defendants Hunt and Williams, described in Paragraph 4.19, above, demonstrates that Defendants Hunt, Williams, and unknown others knew or should have known that there was no reasonable grounds to unlawfully detain Marguerite Abdullah.

5.10    The surrounding facts and circumstances described herein are insufficient to cause a reasonable person or a reasonable police officer to believe there were reasonable grounds to detain Marguerite Abdullah in light of clearly established law.

COMPLAINT - 18

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

## CAUSATION AND LIABILITY - THE CITY

5.11    At all times relevant to this Complaint, Defendants Hunt and Williams as police officers of the City of Seattle Police Department were acting under the direction and control of the Defendant City.

5.12    Acting under color of law and pursuant to official policy or custom, the Defendant City, with deliberate indifference to the rights of persons with whom the police come into contact, failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from unlawfully detaining citizens, including Marguerite Abdullah, who was acting in accordance with her constitutional and statutory rights, privileges and immunities, and from otherwise depriving citizens, including Marguerite Abdullah, of those constitutional and statutory rights, privileges and immunities.

5.13    The failure to diligently exercise its duties to instruct, supervise, control, and discipline Defendants Hunt, Williams, and unknown others, especially since it is believed that their supervisor was present, constitutes deliberate indifference to the rights, privileges and immunities of Marguerite Abdullah, and others similarly situated.

5.14    The Defendant City's failure to exercise such duties, under color of law, with respect the Defendants Hunt, Williams, and unknown others proximately caused or ratified the Defendants Hunt, Williams, and unknown others to violate the Fourth and Fourteen Amendments of the United States Constitution, proximately causing damage to the Plaintiff, and the Defendant City is therefore liable for nominal, actual, special, and compensatory damages under 42 U.S.C. § 1983.

COMPLAINT - 19

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

## DAMAGES

5.15 The damages suffered by the Plaintiff are personal injury, severe mental anguish, loss of personal property, in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

5.16 The Plaintiff is entitled to nominal, actual, and compensatory damages from all Defendants, jointly and severally, arising from the violation of 42 U.S.C. § 1983.

5.17 The Plaintiff is entitled to punitive damages from Defendants Hunt, Williams, and unknown other officers, jointly and severally, arising from the violation of 42 U.S.C. § 1983.

## COUNT 3 -- USE OF EXCESSIVE FORCE

6.1 Plaintiff hereby realleges the contents of the prior Counts and by this reference incorporates them herein.

6.2 The above-referenced facts give rise to a violation of 42 U.S.C. § 1983.

6.3 At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §§ 1983 and 1988.

## IDENTIFICATION OF RIGHT

6.4 Acting under the color of law, Defendants worked a denial of Marguerite Abdullah's rights, privileges or immunities secured by the Fourteenth Amendments to the United States Constitution, violating 42 U.S.C. § 1983 as follows: by depriving Marguerite Abdullah of her liberty without due process of law, by using substantial force that was objectively unreasonable and excessive, whether in furtherance of the unlawful stop, arrest, and detention of

COMPLAINT - 20

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

Marguerite Abdullah, or independently. Such conduct offends contemporary standards of decency in a civilized society.

6.5    Further to Paragraph 6.4, above: by force and detention, preventing Marguerite Abdullah access to her asthma medication at the time of the stop, the arrest, and continuing throughout a significant portion of the time of her detention. Defendants Hunt and Williams were informed of the location of her asthma medication in her car, refused her access to it, causing her to have asthma attacks. In addition, Defendants Hunt and Williams ridiculed, humiliated, and degraded Marguerite Abdullah by laughing and accusing her of faking the need for medical treatment.

6.6    Defendants Hunt and Williams assaulted Marguerite Abdullah without provocation, without justification, and with more force necessary to accomplish any of the police officer's duties, all of which amounted to an assault on her body and her personal liberty.

6.7    Defendants Hunt and Williams, without provocation, and without justification, and with wholly unnecessary force, wholly unrelated to the performance of any police duty, prevented access to Marguerite Abdullah's medication.

CAUSATION AND LIABILITY - THE OFFICERS

6.8    As a result of the direct participation of Defendants Hunt and Williams and unknown others in their use of excessive force upon the body of Marguerite Abdullah, and under color of law, Defendants Hunt, Williams, and unknown others violated the Fourteenth Amendment of the United States Constitution, proximately causing damage to the Plaintiff, and the Defendants are therefore liable for nominal, actual, special, compensatory, and punitive damages under 42 U.S.C. § 1983.

COMPLAINT - 21

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

6.9     Defendants Hunt and Williams, and unknown officers who directly supervised or participated, knew or should have known they were using excessive force on the body of the Plaintiff.

6.10    The right to be free from excessive force is clearly established by the Fourth and Fourteenth Amendments of the United States Constitution, and by the long-settled case law of the United States Supreme Court, the Ninth Circuit Court of Appeals, the District Court, and Washington state courts, such that it was unreasonable for Defendants Hunt, Williams, and unknown others to have believed their conduct was lawful based on their knowledge of the material facts, or their deliberate indifference to material exculpatory facts, when compared or applied to the clearly established right.

6.11    The pretextual justification of the stop and/or the arrest, i.e., the ex post facto extrapolation of additional charges to justify the arrest encouraged by Defendants Hunt and Williams, described in Paragraph 4.19, above, demonstrates that Defendants Hunt, Williams, and unknown others knew or should have known that there was no reasonable grounds to use any unnecessary force whether upon the body of Marguerite Abdullah directly or by preventing her access to her medication.

6.12    The surrounding facts and circumstances described herein are insufficient to cause a reasonable person or a reasonable police officer to believe there were reasonable grounds to use the force undertaken against Marguerite Abdullah in light of clearly established law.

COMPLAINT - 22

CAUSATION AND LIABILITY - THE CITY

6.13    At all times relevant to this Complaint, Defendants Hunt and Williams as police officers of the City of Seattle Police Department were acting under the direction and control of the Defendant City.

6.14    Acting under color of law and pursuant to official policy or custom, the Defendant City, with deliberate indifference to the rights of persons with whom the police come into contact, failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from unlawfully detaining citizens, including Marguerite Abdullah, who was acting in accordance with her constitutional and statutory rights, privileges and immunities, and from otherwise depriving citizens, including Marguerite Abdullah, of those constitutional and statutory rights, privileges and immunities.

6.15    The failure to diligently exercise its duties to instruct, supervise, control, and discipline Defendants Hunt, Williams, and unknown others, especially since it is believed that their supervisor was present, constitutes deliberate indifference to the rights, privileges and immunities of Marguerite Abdullah, and others similarly situated.

6.16    The Defendant City's failure to exercise such duties, under color of law, with respect the Defendants Hunt, Williams, and unknown others proximately caused or ratified the Defendants Hunt, Williams, and unknown others to violate the Fourteenth Amendment of the United States Constitution, proximately causing damage to the Plaintiff, and the Defendant City is therefore liable for nominal, actual, special, and compensatory damages under 42 U.S.C. § 1983.

COMPLAINT - 23

## DAMAGES

6.17  The damages suffered by the Plaintiff are personal injury, severe mental anguish, loss of personal property, in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

6.18  The Plaintiff is entitled to nominal, actual, and compensatory damages from all Defendants, jointly and severally, arising from the violation of 42 U.S.C. § 1983.

6.19  The Plaintiff is entitled to punitive damages from Defendants Hunt, Williams, and unknown other officers, jointly and severally, arising from the violation of 42 U.S.C. § 1983.

## COUNT 4 - FALSE ARREST UNDER STATE LAW

10.1  Plaintiff hereby realleges the contents of the prior Counts and by this reference incorporates them herein.

10.2  The above-referenced facts give rise to the state law tort of false arrest.

10.3  As a proximate cause of the conduct of the Defendants, Marguerite Abdullah was subjected to a false arrest and suffered damages to be proven at trial.

## COUNT 5 - FALSE IMPRISONMENT UNDER STATE LAW

11.1  Plaintiff hereby realleges the contents of the prior Counts and by this reference incorporates them herein.

11.2  The above-referenced facts give rise to the state law tort of false imprisonment.

11.3  Marguerite Abdullah was subjected to a false imprisonment and suffered damages to be proven at trial.

## COUNT 6 - BATTERY UNDER STATE LAW

COMPLAINT - 24

HARDMAN, JOHNSON & VAN WINKLE
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

12.1    Plaintiff hereby realleges the contents of the prior Counts and by this reference incorporates them herein.

12.2    The above-referenced facts give rise to the state law tort of battery.

12.3    Marguerite Abdullah was subjected to a battery and suffered damages to be proven at trial.

12.4    The City is vicariously liable for the acts of Defendants Hunt, Williams, and unknown other police officers.

## COUNT 7 - OUTRAGE UNDER STATE LAW

13.1    Plaintiff hereby realleges the contents of the prior Counts and by this reference incorporates them herein.

13.2    The above-referenced facts give rise to the state law tort of outrage.

13.3    Marguerite Abdullah suffered damages to be proven at trial.

## COUNT 8 - ASSAULT UNDER STATE LAW

14.1    Plaintiff hereby realleges the contents of the prior Counts and by this reference incorporates them herein.

14.2    The above-referenced facts give rise to the state law tort of assault.

14.3    The City is vicariously liable for the acts of Defendants Hunt, Williams, and unknown other police officers.

## COUNT 9 - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW

15.1    Plaintiff hereby realleges the contents of the prior Counts and by this reference incorporates them herein.

COMPLAINT - 25

15.2    The above-referenced facts give rise to the state law tort of negligent infliction of emotional distress.

15.3    Marguerite Abdullah was subjected to negligent infliction of emotional distress and suffered damages to be proven at trial.

### V. RELIEF REQUESTED.

WHEREFORE the Plaintiff prays for damages as follows:

1.    For violations of 42 U.S.C. § 1983, a judgment against all Defendants, jointly and severally, for actual, special, general, and compensatory damages;

2.    For violations of 42 U.S.C. § 1983, a judgment against Defendants Hunt, Williams, and unknown others, jointly and severally, for actual, special, general and compensatory damages, and for punitive damages;

3.    For state law claims, damages in an amount to be proven at trial;

4.    Prejudgment interest at an amount to be proven at time of trial;

5.    Reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

6.    Reasonable attorney fees and costs otherwise permitted by state law;

7.    Such relief the Court shall deem to be just, proper, and equitable.

Dated: June 4, 2003

HARDMAN JOHNSON & VAN WINKLE

MICHAEL L. JOHNSON, WSBA #28172
Counsel for Plaintiff
119 First Ave. So. - Suite 200
Seattle, WA 98104
206-447-1560

COMPLAINT - 26

RECEIVED

03 AUG 29  AM 11: 21

CITY OF SEATTLE
MAYOR'S OFFICE

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

|  | Plaintiff(s), | NO. **03 - 2 - 27483 - 6 SEA** |
|---|---|---|
| VS. |  | ORDER SETTING CIVIL CASE SCHEDULE |
|  |  | ASSIGNED JUDGE: **MARY YU** |
|  | Defendant(s). | TRIAL DATE: Mon 11/01/04 (*ORSCS) |

On **Wed 6/04/03**, a civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:**

The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the Schedule on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The Schedule may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

__MICHAEL L. JOHNSON__ ,    __/S/__
Print Name                          Sign Name

ORDER SETTING CIVIL CASE SCHEDULE



Revised August 2002



EXHIBIT
B
bbbles'

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] — especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery cutoff date [*See KCLR 37(g)*].

**SHOW CAUSE HEARINGS FOR CIVIL CASES** [King County Local Rule 4(g)]
A *Show Cause Hearing* will be held before the assigned judge if the case is not at issue. The Order to Show Cause will be mailed to all parties by the Judicial Assistant of the assigned judge. The parties or counsel are required to attend. A Confirmation of Joinder, Claims and Defenses must be filed by the deadline in the schedule.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of underline all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and is at issue. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee** (effective 10/1/2002). If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:** All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE |
|---|---|
| Case Filed and Schedule Issued | Wed 6/04/03 |
| ✓ Confirmation of Service [See KCLR 4.1] | Wed 7/02/03 |
| ✓ **Statement of Arbitrability** [See KCLMAR 2.1(a) and Notices on Page 2] $220 arbitration fee must be paid<br>— OR — [Consult Local Rules to determine which document applies for your case.]<br>✓ **Confirmation of Joinder of Parties, Claims and Defenses** [See KCLR 4.2(a)(2)]<br>NOTE: If "Joinder" document applies to the case and is not filed, the parties may be <u>required</u> to appear at the Show Cause Hearing. | Wed 11/12/03<br><br>Wed 11/12/03 |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLR 82(e)] | Wed 11/26/03 |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLR 26(b)] | Tue 6/01/04 |
| ✓ Joint Pretrial Report [See attached order] | |
| **DEADLINE** for Disclosure of Possible Rebuttal Witnesses [See KCLR 26(c)] | Mon 7/12/04 |
| ✓ Jury Demand [See KCLR 38(b)(2)] | Mon 7/26/04 |
| **DEADLINE** for a Change in Trial Date [See KCLR 40(e)(2)] | Mon 7/26/04 |
| **DEADLINE**: Discovery Cutoff [See KCLR 37(g)] | Mon 9/13/04 |
| **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLR 16(a)(3)] | Mon 10/11/04 |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56] | Mon 10/18/04 |
| **DEADLINE** to Comply with Settlement Conference Requirement [See attached Order] | |
| ✓ Joint Statement of Evidence [See KCLR 16(a)(4)] | Mon 10/25/04 |
| Trial Date [See KCLR 40] | Mon 11/01/04 |

✓ **Indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.**

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action <u>must</u> serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 6/04/2003

*Richard D. Eadie*

~~Richard D. Eadie~~

PRESIDING JUDGE

Revised August 2002

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

### READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule*. The assigned Superior Court Judge will preside over and manage this case and will conduct trials, motions, and conferences in this matter until completion of all issues.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

**APPLICABLE RULES:**
Except as specifically modified below, all the provisions of KCLR 4-26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**
 A. Trial: Trial is confirmed for 9:00 a.m. on the date on the *Schedule*. The Friday before trial, the assigned court will contact the parties to determine the status of the case and inform the parties of any adjustments to the Trial Date.

 B. Show Cause Hearing: A Show Cause Hearing will be held before the assigned judge if the
case is not at issue. If the case is not at issue or in accordance with the attached case schedule, all parties will receive and *Order to Show Cause* that will set a specific date and time for the hearing. All parties and/or counsel are required to attend.

 C. Joint Pretrial Report: 120 days before the Trial Date, parties shall prepare and file,
with a copy to the assigned judge, a joint pretrial report setting forth the nature of the case, whether a jury demand has been filed, the expected duration of the trial, the status of discovery, the need to amend pleadings or add parties, whether a settlement conference has been scheduled, special problems, etc. Plaintiff's/Petitioner's counsel is responsible for proposing and contacting the other parties regarding said report.

 D. Pretrial Conference: A pretrial conference will be scheduled by the assigned judge.
Approximately thirty (30) days before the conference, you will receive an *Order Setting Pretrial Conference* that will set the specific date and time for the conference. The conference will be held in the courtroom of the assigned judge, and the following nonexclusive list of matters will be addressed at that time:
  1) Status of settlement discussions;
  2) Jury trial -- selection and number of jurors;
  3) Potential evidentiary problems;
  4) Potential motions *in limine*;

### SEE NEXT PAGE

revised 5/29/2002

L: forms/cashiers/iv orders

5) Use of depositions;
6) Deadlines for nondispositive motions;
7) Procedures to be followed with respect to exhibits;
8) Witnesses -- identity, number, testimony;
9) Special needs (e.g. interpreters, equipment);
10) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions,
voir dire questions, etc.
11) Receipt of Public Assistance Payments (Domestic Cases) -- If any party is on public Assistance, notify the Prosecutor's Office of this proceeding now at 296-9020.

E. Settlement/Mediation/ADR:
1) 45 days before the Trial Date, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

2) 30 days before the Trial Date, a settlement/mediation/ADR conference shall have
been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

3) 20 days before the Trial Date, counsel for plaintiff shall advise the assigned judge
of the progress of the settlement process.

MOTIONS PROCEDURES:
A. Noting of Motions
1) Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the bailiff a date and time for the hearing, consistent with the court rules.
2) Nondispositive Motions: These motions, which include discovery motions, will be
ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."

**SEE NEXT PAGE**

revised 5/29/2002

L: forms/cashiers/iv orders

3) Motions in Family Law Cases: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar.

4) Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

B. Filing of Papers All original papers must be filed with the Clerk's Office on the 6th floor.

*The working copies of all papers in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

1) Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

2) Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal Proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or Formal Proof may be entered in the Ex Parte Department. If final orders and/or Formal Proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed 24 pages for dispositive motions and 12 pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

Richard D. Eadie

Richard D. Eadie          JUDGE

revised 5/29/2002

L: forms/cashiers/iv orders

*FILED*

2003 SEP -2 PM 2: 26

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

MARGUERITE ABDULLAH

CAUSE NO. 03-2-27483-6SEA

Declaration of Service of:
SUMMONS AND COMPLAINT FOR DAMAGES;
ORDER SETTING ORIGINAL CIVIL CASE
SCHEDULE

Plaintiff/Petitioner

vs.

CITY OF SEATTLE, A WASHINGTON MUNICIPAL
CORPORATION; ET AL.,

Defendant/Respondent   Hearing Date:

DECLARATION:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States and resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is compentent to be a witness therein.

On the date and time of Aug 29 2003 11:18AM at the address of 601 5TH AVE #700 SEATTLE within the County of King State of Washington, the declarant duly served the above described documents upon CITY OF SEATTLE, A WASHINGTON MUNICIPAL CORPORATION       by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with MELIA BROOKS, SECRETARY IN THE OFFICE OF THE MAYOR. No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated August 29, 2003 at Seattle, WA

by _____

P. Nolan                  KCR#9300978

Service Fees Total | 53.00

ABC Legal Services, Inc.

(206) 623-8771
3218190

**ORIGINAL**
**PROOF OF SERVICE**

Johnson, Michael L
119 1st Ave S, #200
Seattle, WA  98104



EXHIBIT
C

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

8

MARGUERITE ABDULLAH,                    )       No. 03-2-27483-6 SEA
                                        )
9               Plaintiff,              )
                                        )
10          v.                          )       SUMMONS
                                        )
11  CITY OF SEATTLE, a Washington municipal )
    corporation; THE SEATTLE POLICE     )
12  DEPARTMENT, a department of the City of )
    Seattle, and B.M. HUNT and J. WILLIAMS, in )
13  their individual capacity,          )
                                        )
                                        )
14              Defendants.             )
                                        )

15      **TO CITY OF SEATTLE:** A lawsuit has been started against you in the above entitled
16  court by MARGUERITE ABDULLAH, Plaintiff.  Plaintiff's claim is stated in the written
    Complaint, a copy of which is served upon you with this Summons.

17          In order to defend against this lawsuit, you must respond to the Complaint by stating your
18  defense in writing and serve a copy upon the undersigned attorney for plaintiff within **twenty
    (20) days** after the service of this Summons, excluding the day of service, or a default judgment
19  may be entered against you without notice. A default judgment is one where a plaintiff is entitled
    to what is asked for because you have not responded.  If you serve a notice of appearance on the
20  undersigned attorney, you are entitled to notice before a default judgment may be entered.

21          You may demand that the plaintiff file this lawsuit with the court.  If you do so, the
    demand must be in writing and must be served upon the person signing this summons.  Within
22  14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the
    service of this summons and complaint will be void.

23

SUMMONS - 1



HARDMAN & JOHNSON
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

1     If you wish to seek the advice of an attorney in this matter, you should do so promptly so

2     that your written response, if any, may be served on time.

3     This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

of Washington.

4

5     DATED THIS 29th day of August, 2003.

      HARDMAN & JOHNSON

6

7

8     Michael L. Johnson, WSBA #28172
      Counsel for Plaintiffs

9     119 First Ave. So. - Suite 200
      Seattle, WA 98104

10    (206) 447-1560
      (206) 447-1523 (fax)

11

12

13

14

15

16

17

18

19

20

21

22

23

SUMMONS - 2



FILED

2003 SEP -2 PM 2: 26

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

**IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON**

MARGUERITE ABDULLAH

CAUSE NO. 03-2-27483-6SEA

Declaration of Service of:
SUMMONS AND COMPLAINT FOR DAMAGES;
ORDER SETTING ORIGINAL CIVIL CASE
SCHEDULE

Plaintiff/Petitioner

vs.
CITY OF SEATTLE, A WASHINGTON MUNICIPAL
CORPORATION; ET AL.,

Defendant/Respondent | Hearing Date:

DECLARATION:
The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States and resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Aug 29 2003 11:12AM at the address of 610 5TH AVE SEATTLE within the County of King State of Washington, the declarant duly served the above described documents upon THE SEATTLE POLICE DEPARTMENT, A DEPARTMENT OF THE CITY OF SEATTLE by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with LEO PORT, LEGAL ADVISOR . No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated August 29, 2003 at Seattle, WA

by _____
P. Nolan                    KCR#9300978

Service Fees Total | 53.00

ABC Legal Services, Inc.

(206) 623-8771
2698980

**ORIGINAL
PROOF OF SERVICE**

Johnson, Michael L
119 1st Ave S, #200
Seattle, WA   98104



EXHIBIT

D

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

8

MARGUERITE ABDULLAH,                    )        No. 03-2-27483-6 SEA
                                        )
9                        Plaintiff,     )
                                        )
10          v.                          )        SUMMONS
                                        )
11   CITY OF SEATTLE, a Washington municipal )
     corporation; THE SEATTLE POLICE    )
12   DEPARTMENT, a department of the City of )
     Seattle, and B.M. HUNT and J. WILLIAMS, in )
13   their individual capacity,         )
                                        )
14                       Defendants.    )
     _____)

15       **TO SEATTLE POLICE DEPARTMENT:** A lawsuit has been started against you in
16   the above entitled court by MARGUERITE ABDULLAH, Plaintiff. Plaintiff's claim is stated in
     the written Complaint, a copy of which is served upon you with this Summons.

17       In order to defend against this lawsuit, you must respond to the Complaint by stating your
18   defense in writing and serve a copy upon the undersigned attorney for plaintiff within **twenty
     (20) days** after the service of this Summons, excluding the day of service, or a default judgment
19   may be entered against you without notice. A default judgment is one where a plaintiff is entitled
     to what is asked for because you have not responded. If you serve a notice of appearance on the
20   undersigned attorney, you are entitled to notice before a default judgment may be entered.

21       You may demand that the plaintiff file this lawsuit with the court. If you do so, the
     demand must be in writing and must be served upon the person signing this summons. Within
22   14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the
     service of this summons and complaint will be void.

23

SUMMONS - 1

COPY

HARDMAN & JOHNSON
119 FIRST AVENUE SOUTH, SUITE 200
SEATTLE, WA 98104
PH: (206) 447-1560 FAX: (206) 447-1523

1    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

2  that your written response, if any, may be served on time.

3    This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

   of Washington.

4

5    DATED THIS 29th day of August, 2003.

6                                          HARDMAN & JOHNSON

7

8                                          Michael L. Johnson, WSBA #28172
                                           Counsel for Plaintiffs
9                                          119 First Ave. So. - Suite 200
                                           Seattle, WA 98104
10                                         (206) 447-1560
                                           (206) 447-1523 (fax)
11

12

13

14

15

16

17

18

19

20

21

22

23

SUMMONS - 2

1

The Honorable Mary Yu

2

RECEIVED

3

2003 SEP -5 PM 4:18

4

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE WA

5

6

7

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8

MARGUERITE ABDULLAH,

9

Plaintiff,

10

v.

11

CITY OF SEATTLE, THE SEATTLE
POLICE DEPARTMENT, B.M. HUNT AND
J. WILLIAMS,

12

13

Defendants.

No.  03-2-27483-6 SEA

NOTICE OF APPEARANCE

**RECEIVED**

SEP 0 8 2003

STAFFORD FREY COOPER

14

TO:        The Clerk of the Above-Entitled Court

15

AND TO:    Michael L. Johnson, Attorney for Plaintiff

16

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned

17

hereby appears as counsel of record for defendant THE CITY OF SEATTLE, without

18

waiving the questions of:

19

20

1.    Lack of jurisdiction over the subject matter;

2.    Lack of jurisdiction over the person;

21

3.    Improper venue;

22

4.    Insufficiency of process;

23

5.    Insufficiency of service of process;

NOTICE OF APPEARANCE - 1
\\EARTH\DATA\CLIENTS\3019\NEW\PLD ABDULLAH NOA.DOC





**STAFFORD FREY COOPER**
———— *Professional Corporation* ————
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

EXHIBIT
tabbies®
**E**

6.      Failure to state a claim upon which relief may be granted; and

7.      Failure to join a party under Rule 19.

YOU ARE FURTHER NOTIFIED that all further papers and pleadings herein, except original process, shall be served upon the undersigned attorneys at the address stated below.

DATED this _5_ day of September, 2003.

STAFFORD FREY COOPER

By_____
     Stephen P. Larson, WSBA #4959
     Blake E. Dias, WSBA #28169
     Attorneys for Defendant The City of Seattle

NOTICE OF APPEARANCE - 2
\\EARTH\DATA\CLIENTS\3019\NEW\PLD  ABDULLAH NOA.DOC

STAFFORD FREY COOPER
————— Professional Corporation —————
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

1

**<u>Certificate of Service</u>**

2

3        The undersigned certifies under the penalty of perjury according to the laws of

4   the United States and the State of Washington that on this date I caused to be served in

5   the manner noted below a copy of this document entitled **NOTICE OF APPEARANCE**

6   on the following individuals:

7

Michael L. Johnson
8   119 First Avenue South, Suite 200
    Seattle, WA  98104

9   *Attorneys for Plaintiff*

10

    [ ] Via Messenger
11  [X] Via Mail

12

13        DATED this 5th day of September, 2003.

14

15                        _____
                          Sally Phillips

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE - 3
\\EARTH\DATA\CLIENTS\3019\NEW\PLD  ABDULLAH NOA.DOC

STAFFORD FREY COOPER
——— *Professional Corporation* ———
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

The Honorable Mary Yu

1

2

3

4

5

6

7                     SUPERIOR COURT OF WASHINGTON
                          IN AND FOR KING COUNTY
8

9    MARGUERITE ABDULLAH,                    No.  03-2-27483-6 SEA

10                      Plaintiff,           **NOTICE OF APPEARANCE**

11          v.

12   CITY OF SEATTLE, a Washington
     municipal corporation; THE SEATTLE
13   POLICE DEPARTMENT, a department of
     the City of Seattle; B. M. HUNT AND J.
14   WILLIAMS,

15                      Defendants.

16   TO:        The Clerk of the Above-Entitled Court

17   AND TO:    Michael L. Johnson, Hardman & Johnson, Attorney for Plaintiff

18          YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned

19   hereby appear as counsel of record for defendant SEATTLE POLICE DEPARTMENT,

20   without waiving the questions of:

21          1.      Lack of jurisdiction over the subject matter;

22          2.      Lack of jurisdiction over the person;

            3.      Improper venue;
23
            4.      Insufficiency of process;

**NOTICE OF APPEARANCE** - 1

\\EARTH\DATA\CLIENTS\3019\25174\PLD NOA SEATTLEPOLICEDEPT.D

**EXHIBIT**

**F**

STAFFORD FREY COOPER
————— *Professional Corporation* —————
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

5.     Insufficiency of service of process;

6.     Failure to state a claim upon which relief may be granted; and

7.     Failure to join a party under Rule 19.

YOU ARE FURTHER NOTIFIED that all further papers and pleadings herein, except original process, shall be served upon the undersigned attorneys at the address stated below.

DATED this ⁄2 day of September, 2003.

**STAFFORD FREY COOPER**
*Professional Corporation*

By_____
      Stephen P. Larson, WSBA #4959
      Blake E. Dias, WSBA #28169
      Attorneys for Defendants

**NOTICE OF APPEARANCE - 2**
\\EARTH\DATA\CLIENTS\3019\25174\PLD NOA SEATTLEPOLICEDEPT.DOC

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL (206) 623-9900
FAX (206) 624-6885

1

## **Certificate of Service**

2

3   The undersigned certifies under the penalty of perjury according to the laws of the
United States and the State of Washington that on this date I caused to be served in the
4   manner noted below a copy of this document entitled **NOTICE OF APPEARANCE** on
the following individual:

5   Michael L. Johnson
Hardman & Johnson
6   119 First Avenue South, Suite 200
Seattle, WA  98104

7
*Attorneys for Plaintiff*

8

[ ] Via Messenger
9   [X] Via Mail

10

11   DATED this 12 day of September, 2003 at Seattle, Washington.

12

13   
Sally Phillips

14

15

16

17

18

19

20

21

22

23

**NOTICE OF APPEARANCE - 3**
\\EARTH\DATA\CLIENTS\3019\25174\PLD NOA SEATTLEPOLICEDEPT.DOC

STAFFORD FREY COOPER
─ *Professional Corporation* ─
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885